Schultz v. National Brewing Co., 195 Ill. App. 385.

## Abstract of the Decision.

1. BANKS AND BANKING, § 200*—*when evidence sufficient to show identity of depositor.* In an action to recover savings bank deposits made by a man named *Powel* G., where plaintiff's name was *Paul* G. and where plaintiff's identity with such depositor was disputed, evidence, including disputed signatures, examined and *held* sufficient to prove that plaintiff was the person who made the deposits in question.

2. TRIAL, § 285*—*when case not argued on trial by court.* A court trying a case without a jury is not required to listen to arguments of counsel.

3. COSTS, § 67*—*when statutory damages not allowed.* On an appeal in an action to recover savings bank deposits made by plaintiff, *held* that plaintiff could not recover statutory damages.

---

## Margaretha Schultz, Administratrix, Plaintiff in Error, v. National Brewing Company, Defendant in Error.

### Gen. No. 21,214.   (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in this court at the March term, 1915. Reversed and remanded. Opinion filed December 6, 1915. Rehearing denied December 20, 1915.

## Statement of the Case.

Action by Margaretha Schultz, administratrix of the estate of Frederick Schultz, deceased, plaintiff, against the National Brewing Company, defendant, in the Superior Court of Cook county, to recover for the death of plaintiff's intestate. To reverse a judgment of *nil capiat* for defendant, entered on a verdict of not guilty ordered by the court, plaintiff prosecutes this writ of error.

Plaintiff's evidence tended to show that her intestate, while employed as a barn boss and engaged in and about his duties near a grain and malt elevator owned

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

and operated by defendant, received injuries from an explosion in the elevator which resulted in his death. There was evidence tending to show the presence in the elevator of quantities of grain dust and the proximity of lighted gas jets; that such dust is of a highly explosive nature and on contact with flame or spark will explode; that this was a dust explosion; that the device used by defendant to remove dust was not effective for the purpose, and that other methods, which a witness described in detail, would prevent such an explosion.

Juul & Juul, for plaintiff in error.

F. J. Canty, for defendant in error.

Mr. Presiding Justice McSurely delivered the opinion of the court.

## Abstract of the Decision.

1. Trial, § 195*—*when direction of verdict improper.* In an action to recover for death alleged to have been caused by defendant's negligence, where there is evidence which, if standing alone, would fairly tend to support plaintiff's case, a peremptory instruction for the defendant is error.

2. Master and servant, § 126*—*what degree of care required to provide safe place to work.* Reasonable care of an employer to provide a reasonably safe place to work is such care as is commensurate with the danger.

3. Master and servant, § 126*—*what degree of care required to guard against explosion.* Grain dust being highly explosive, an employer in whose place of work such dust is present in large quantities must exercise a degree of care commensurate with the danger to guard against explosions.

4. Master and servant, § 709*—*when care exercised to provide safe place to work a question for jury.* In an action to recover for the death of an employee due to an explosion of grain dust in the employer's elevator, where it appeared that there were lighted gas jets in the proximity to quantities of such dust, the question whether the employer's duty to use reasonable care to provide a reasonably safe place to work requires him to substitute another method of preventing such explosions is for the jury.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.